TODD KIM
Assistant Attorney General
ELISE FELDMAN (MA Bar No. 563187)
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
450 Golden Gate Ave., Suite 07-6714
San Francisco, California 94102
Telephone: (415) 744-6470
Email: Elise.Feldman@usdoj.gov

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GRINDSTONE INDIAN RANCHERIA OF WINTUN-WAILAKI INDIANS OF CALIFORNIA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil No. 2:24-cv-01044-KJM-CKD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Consent Decree**

## TABLE OF CONTENTS

I.      JURISDICTION AND PARTIES BOUND .................................................2
II.     OBJECTIVES ..............................................................................5
III.    DEFINITIONS .............................................................................5
IV.     CIVIL PENALTY ..........................................................................6
V.      INJUNCTIVE RELIEF ....................................................................7
VI.     REPORTING REQUIREMENTS .........................................................15
VII.    STIPULATED PENALTIES ..............................................................17
VIII.   FORCE MAJEURE ......................................................................20
IX.     DISPUTE RESOLUTION ................................................................22
X.      INFORMATION COLLECTION AND RETENTION ....................................24
XI.     EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS ...........................26
XII.    COSTS ....................................................................................28
XIII.   NOTICES .................................................................................28
XIV.    EFFECTIVE DATE .......................................................................29
XV.     RETENTION OF JURISDICTION .......................................................29
XVI.    MODIFICATION .........................................................................29
XVII.   TERMINATION ..........................................................................30
XVIII.  PUBLIC PARTICIPATION .............................................................31
XIX.    SIGNATORIES/SERVICE ...............................................................31
XX.     INTEGRATION ...........................................................................32
XXI.    FINAL JUDGMENT ......................................................................32
XXII.   HEADINGS ...............................................................................322

WHEREAS, Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), filed a Complaint concurrently with this Consent Decree alleging that the Grindstone Indian Rancheria of Wintun-Wailaki Indians of California ("Tribe" or "Defendant") violated administrative orders issued under Sections 1414(g) and 1431 of the Safe Drinking Water Act ("SDWA"), 42 U.S.C. §§ 300g-3(g) and 300i, and the SDWA's National Primary Drinking Water Regulations ("NPDWRs") at 40 C.F.R. Part 141, at the Grindstone Indian Rancheria Public Water System ("System"), which the Tribe owns and operates, and which serves approximately 150 people and has 58 active service connections within the exterior boundaries of the Grindstone Indian Rancheria;

WHEREAS, the United States alleges that Defendant failed to comply with the requirements of an Administrative Order on Consent the Tribe and EPA entered into on December 15, 2017, and an Emergency Administrative Order EPA issued to the Tribe on June 21, 2019, both of which required Defendant to, *inter alia*, adequately treat and disinfect the drinking water it provides to its customers on the Grindstone Indian Rancheria, as specified in the Complaint;

WHEREAS, the United States alleges that Defendant has a history of noncompliance with the SDWA and its NPDWRs at its System extending back to at least 2012 to the present, during which time EPA has provided compliance assistance to Defendant on numerous occasions to ensure the System's provision of safe drinking water to its customers;

WHEREAS, EPA has worked with Defendant, and will continue to work with Defendant as appropriate, under United States Department of Justice's, ("DOJ's") and EPA's policies concerning consultation and coordination with tribal governments and enforcement against tribal facilities, and will continue to provide appropriate compliance assistance to

1

1  Defendant to ensure compliance with the SDWA and its NPDWRs and applicable federal law;

2      WHEREAS, this Consent Decree does not constitute an admission of any facts or

3  liability by the Defendant;

4

5      WHEREAS, the Defendant agrees that performance of the injunctive relief and

6  compliance reporting and record keeping set forth in this Consent Decree is in the best interest of

7  Defendant and its customers;

8      WHEREAS, the Defendant has received, and anticipates receiving funding for

9  water system operation and maintenance, for example funding Defendant received under the

10  American Rescue Plan Act of 2021 that Defendant has set aside in a separate account dedicated

11

12  for use at its water system, and anticipated funding from the U.S. Department of Housing and

13  Urban Development's Indian Housing Authority for water system operation and maintenance

14  associated with low-income housing at the Rancheria served by Defendant's water system; and

15      WHEREAS, the parties recognize, and the Court by entering this Consent Decree

16  finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid

17  litigation between the parties and that this Consent Decree is fair, reasonable, and in the public

18  interest.

19

20      THEREFORE, WITH THE CONSENT OF THE PARTIES, IT IS ADJUDGED,

21  ORDERED, AND DECREED as follows:

22

23  **I.    JURISDICTION AND PARTIES BOUND**

24      1.    This Court has jurisdiction over the subject matter of this action under Sections

25  1414 and 1431 of the SDWA, 42 U.S.C. §§ 300g-3 and 300i, and over the Parties under

26  28 U.S.C. §§ 1331, 1345, and 1355.

27      2.    Venue is proper in the Eastern District of California under Sections 1414(b) and

28

2

1431(b) of the SDWA, 42 U.S.C. §§ 300g-3(b) and 300i(b), as well as 28 U.S.C. §§ 1391(b) and 1395(a), because the violations alleged in the Complaint occurred in this district, the Defendant conducts business in this district, and the Defendant is located in this district. For purposes of this Decree, or any action to enforce this Decree, Defendant consents to the Court's jurisdiction over this Decree and any such action and over Defendant and consents to venue in this judicial district.

3.      For purposes of this Consent Decree, Defendant agrees that the Complaint states claims upon which relief may be granted under Sections 1414(g) and 1431 of the SDWA, 42 U.S.C. §§ 300g-3(g) and 300i, and the SDWA's NPDWRs at 40 C.F.R. Part 141.

4.      Defendant is a federally recognized Indian tribe governed by the Grindstone Tribal Council ("Council").

5.      Defendant owns and operates the System on the Grindstone Indian Rancheria to provide drinking water for approximately 150 consumers. The System supplies water sourced from Stony Creek, a surface water, through approximately 58 active service connections within the exterior boundaries of the Grindstone Indian Rancheria.

6.      This Consent Decree shall apply to and be binding upon the United States and Defendant and any successor tribal leaders, administrations, tribal administrators, utility managers, directors, and operators, utility commissions and boards, Councils and/or individual chairpersons acting on behalf of Defendant's assigns, and any other entities or persons otherwise bound by law.

7.      Defendant shall provide a copy of this Consent Decree to all officers, directors, employees, agents, and administrators whose duties might reasonably include compliance with any provision of this Decree, as well as to any person or entity retained to perform work required

3

under this Consent Decree. Defendant shall condition any such contract upon performance of the work in conformity with the terms of this Consent Decree.

8.    In any action to enforce this Consent Decree, Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, administrators, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

9.    No transfer of ownership or operation of the System, whether in compliance with the procedures of this Paragraph or otherwise, shall relieve Defendant of its obligation to ensure that the terms of the Decree are implemented. At least thirty (30) Days prior to such transfer, Defendant shall provide a copy of this Consent Decree to the proposed transferee and shall simultaneously provide written notice of the prospective transfer, together with a copy of the proposed written agreement, to EPA and DOJ in accordance with Section XIII (Notices). Any attempt to transfer ownership or operation of the System without complying with this Paragraph constitutes a violation of this Decree.

10.    Defendant shall provide a copy of this Consent Decree to all officers, employees, and agents whose duties might reasonably include compliance with any provision of this Decree, as well as to any contractor retained to perform work required under this Consent Decree. Defendant shall condition any such contract upon performance of the work in conformity with the terms of this Consent Decree.

11.    In any action to enforce this Consent Decree, Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

## II.    OBJECTIVES

12.    It is the objective of the Parties in entering this Consent Decree to ensure that

4

Defendant achieves and maintains continuous, sustainable, and long-term compliance with the SDWA and its NPDWRs. All obligations under this Consent Decree shall be interpreted in a manner consistent with this goal.

13.     The Consent Decree and the requirements set forth herein shall supersede the Administrative Order on Consent that EPA issued on December 15, 2017, and the Emergency Administrative Order that EPA issued on June 21, 2019.

## III.   DEFINITIONS

14.     Terms used in this Consent Decree that are defined in the SDWA or in its NPDWRs have the meanings assigned to them in the SDWA or such regulations, unless otherwise provided in this Consent Decree. Whenever the terms set forth below are used in this Consent Decree, the following definitions apply:

"Complaint" means the complaint filed by the United States in this action;

"Consent Decree" or "Decree" means this Decree;

"Council" shall mean the Tribe's elected leadership;

"Day" means a calendar day unless expressly stated to be a business day. In computing any period of time for a deadline under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period runs until the close of business of the next business day;

"Defendant" or "Tribe" means the federally recognized Grindstone Indian Rancheria, owner and operator of the Grindstone Indian Rancheria Public Water System;

"DOJ" means the United States Department of Justice and any of its successor departments or agencies;

"Emergency Order" means the Emergency Administrative Order EPA issued on June 21,

5

2019;

"EPA" means the United States Environmental Protection Agency and any of its successor departments or agencies;

"Effective Date" means the definition provided in Section XIV;

"Force Majeure" shall have the meaning as defined in Section VIII;

"NPDWR" means the National Primary Drinking Water Regulations at 40 C.F.R. Part 141;

"Paragraph" means a portion of this Decree identified by an Arabic numeral;

"Parties" means the United States and Defendant;

"SDWA" shall mean the federal Public Health Service Act (also known as the "Safe Drinking Water Act"), 42 U.S.C. § 300f *et seq.*, and its implementing regulations;

"Section" means a portion of this Decree identified by a Roman numeral;

"System" means Defendant's Grindstone Indian Rancheria Public Water System located in Glenn County, California; and

"United States" means the United States of America, acting on behalf of EPA.

## IV.    CIVIL PENALTY

15.    Defendant shall pay to the United States a civil penalty of $8,963 within thirty (30) days of the entry of this Consent Decree.

16.    Defendants shall pay the civil penalty due to the United States by certified or cashier's check in the amount due, payable to the "U.S. Department of Justice," referencing the CDCS number (which will be provided once the settlement is entered by the court) and DOJ Case No. 90-5-1-1-12322. The payment shall be made in accordance with instructions provided

to Defendant by the Financial Litigation Unit of the Office of the United States Attorney for the Eastern District of California. At the time of payment, Defendants shall also send a copy of the check together with a transmittal letter to those persons identified in Section XIII (Notices) of this Consent Decree. That transmittal letter shall state that the payment is for the civil penalty owed under the Consent Decree in *United States v. Grindstone Indian Rancheria of Wintun-Wailaki Indians of California* and shall reference the CDCS number of this case and DOJ Case No. 90-5-1-1-12322.

## V.   INJUNCTIVE RELIEF

17.    Defendant shall comply with the SDWA, 42 U.S.C. § 300f *et seq.*, and the NPDWRs at 40 C.F.R. Part 141.

18.    Defendant shall meet all compliance obligations set forth in this Section.

19.    Boil Water Notice: Within one (1) Day of the Effective Date of this Consent Decree, Defendant shall submit a draft Boil Water Notice to EPA for its approval in accordance with Paragraph 32 below. Upon making any necessary changes EPA requires and EPA's approval of the Boil Water Notice, Defendant shall issue the Boil Water Notice to all customer homes and display the Boil Water Notice in conspicuous locations within one (1) Day of the Effective Date of this Consent Decree. Defendant shall issue the Boil Water Notice on a monthly basis until EPA provides written notification that the Defendant may discontinue doing so.

20.    Surface Water Treatment: Upon the Effective Date of this Consent Decree, Defendant shall achieve and demonstrate compliance with the Surface Water Treatment rule requirements at 40 CFR §§ 141.70-76, including use of a National Sanitation Foundation ("NSF") International-approved chlorine disinfectant for treatment at the System's water tank(s) and distribution lines.

7

21. <u>Alternative Water Requirements</u>: Upon the Effective Date of this Decree, Defendant shall make available to the System's consumers at least one gallon of drinking water per person per day from an alternative source that meets all applicable SDWA requirements at 40 C.F.R. Part 141 until such time that EPA determines that Defendant is in full compliance with the SDWA's water quality requirements.

22. <u>Alternative Water Supply Notice Requirements</u>: Within two (2) Days of the Effective Date of this Decree, Defendant shall submit an alternative water supply public notice document for EPA's review and approval in accordance with Paragraph 32 that provides the following information: 1) the location(s) where the alternative water supply is available for pick up for all persons the System serves, 2) the days and hours when alternative water is available for pickup, and 3) contact information for the Tribal Administrator.

23. <u>Public Notice</u>: As soon as possible, but no later than fourteen (14) Days after the Effective Date of this Decree, Defendant shall distribute another public notice, (in addition to the boil water notice under Paragraph 19 and the alternative water supply public notice required under Paragraph 22), that provides information about this Consent Decree, and corrective actions Defendant is taking. Defendant must submit the notice to EPA for approval within seven (7) Days of the Effective Date of this Decree to the contacts listed in Section XIII (Notices). Defendant must carry out the public notice and other notice requirements of 40 C.F.R. Part 141, Subpart Q, including provisions of notice by mail or other direct delivery to each service connection served by the System, and submit a copy of the public notice with certification to EPA within ten (10) Days of its distribution.

24. <u>Operator Training and Certification</u>: By the Effective Date of this Consent Decree, Defendant must retain at least two full time drinking-water operators, at least one of

8

whom is a certified drinking-water operator as follows:

    a.    Defendant shall, in accordance with 40 C.F.R. Part 141, Subpart H, ensure operation of the System at all times by at least one certified drinking-water operator at least a Grade T1/D1 level in accordance with the Drinking Water Operator Certification Program that the California State Water Resources Control Board administers.

    b.    Defendant shall ensure the certified System water operator(s) attend all continuing education courses and training required for operator certifications and renewal of such certifications.

25.    Consumer Confidence Report Requirements: Defendant shall deliver annual consumer confidence reports to its customers in compliance with 40 C.F.R. § 141.155. Defendant shall also provide copies to the EPA along with a certification of distribution in accordance with 40 C.F.R. § 141.155.

26.    Reporting Requirements: Beginning the week following the Effective Date of this Consent Decree, Defendant shall electronically submit to EPA a weekly operating report that includes a log of the dates and times of membrane filter operation and maintenance performed in the seven (7) Days leading up to submittal of the weekly report and also the analytical results of the previous week's bacteriological and residual chlorine sampling taken at the System's distribution system at the following sampling locations:

    a.    Sampling locations Lot 2 and Lot 14 for residual chlorine sampling; and

    b.    Sampling location Lot 14 for bacteriological sampling.

After the Defendant receives notice from EPA that it may discontinue weekly reporting, it shall submit reports on a monthly basis, due ten (10) Days after the last day of every month.

27. <u>Operations and Maintenance Plan</u>: The Defendant shall develop and implement an EPA-approved Operations and Maintenance ("O&M") Plan for the System. The Defendant shall submit its proposed O&M Plan to EPA for review and approval within six (6) months of the Effective Date of this Consent Decree and begin implementing it within thirty (30) Days of EPA approval. The O&M Plan shall address how the System will:

a.   Provide appropriately certified and qualified operating and managerial personnel, including two-full time employees with at least one drinking-water operator that maintains a T1/D1 certification as provided by the Drinking Water Operator Certification Program that the California State Water Resources Control Board administers;

b.   Include an operator training program to ensure drinking-water operators satisfy operator certification continuing education requirements and that these expenses are included in the water operations budget that is formulated for the System;

c.   Provide necessary equipment, supplies and services associated with routine Grindstone PWS operations;

d.   Provide adequate backup equipment for repairs including spare parts, facilities, and emergency power to ensure System operations will continue under emergency situations;

e.   Perform necessary routine maintenance and preventive maintenance on the System and its components;

f.   Procure and continuously use NSF International-approved chemicals in the System;

10

g.    Complete O&M records/logs;

h.    Regularly inspect major System components and document pending major repair and capital improvement requirements;

i.    Include a schedule for storage tank inspection and maintenance and distribution system flushing and valve exercising; and

j.    Communicate with the public and EPA concerning required SDWA reporting, the need for boil orders and other drinking water issues requiring public notice.

28.    Budget Approval: The annual budget for each fiscal year shall be developed consistent with Defendant's EPA-approved O&M Plan before the end of the Tribe's fiscal year on September 30th. On or before August 31st each year, the Council shall annually approve the water O&M budget for the coming fiscal year that is consistent with the EPA-approved O&M Plan. The Council shall ensure provision of adequate funding in the Budget to operate and maintain the water operations in full compliance with all applicable federal environmental laws, based on information outlined in the O&M Plan, and the Budget shall include: (a) an annual budget for all water operations; (b) a regular financial planning and review processes; (c) defined processes and controls for purchases and expenditures; and (d) adequate funding to address facility depreciation, reserve funds, capital improvements, and at least two drinking-water operators' salaries. Defendant shall provide the approved O&M Budget to EPA within fourteen (14) Days of its approval by Council.

29.    Additional Plans: In addition to the O&M Plan required in Paragraph 27, Defendant shall also develop the following plans and provide them to EPA for review and approval under Paragraph 32 within ninety (90) Days of the Consent Order's Effective Date:

11

a.   A cross-connection control program (refer to *EPA's Cross-Connection Control Manual*);

b.   An emergency operations/response plan (refer to *EPA's Office of Water's July 2019 Community Water System Emergency Response Plan Template and Instructions*);

c.   Standard operating procedures ("SOP") for line break repair;

d.   A drought contingency plan; and

e.   An asset management plan that corresponds to the above approved budget.

30.   Pressure Loss/Line Breaks: Defendant shall report to EPA any instances where there is a drop in pressure in the System's distribution system to less than 20 pounds per square inch ("PSI"), and any instances where there are significant line breaks (causing water outages to five or more users) within 24-hours of the Defendant's initial awareness of the pressure loss and/or line break

31.   Quarterly Meeting Requirements: Defendant shall convene quarterly meetings with EPA by teleconference or at a centralized meeting location to: 1) discuss the adequacy of Defendant's compliance with the Consent Decree; 2) establish any necessary managerial and governance protocols that will assist in compliance with the Consent Decree; and 3) discuss how to best promote long-term and efficient drinking water compliance at the System. The first quarterly meeting shall be held within ninety (90) Days of the Effective Date of this Decree. Invitations to this first meeting must be provided at least fourteen (14) Days in advance and at a minimum must be sent to the EPA points of contact identified in Section XIII (Notices).

32.   Approval of Deliverables: After review of any plan, report, or other item that is required to be submitted under this Consent Decree, EPA will in writing: (a) approve the

12

submission; (b) approve the submission upon specified conditions; (c) approve part of the submission and disapprove the remainder; or (d) disapprove the submission.

       a.    If the submission is approved under Paragraph 32(a), Defendant shall take all actions required by the plan, report, or other document, in accordance with the schedules and requirements of the plan, report, or other document, as approved.

       b.    If the submission is conditionally approved or approved only in part under Paragraph 32(b) or (c), Defendant shall, upon written direction from EPA, take all actions required by the approved plan, report, or other item that EPA determines are technically severable from any disapproved portions, subject to Defendant's right to dispute only the specified conditions or the disapproved portions, under Section IX (Dispute Resolution).

       c.    If the submission is disapproved in whole or in part under Paragraph 32(c) or (d), Defendant shall, within forty-five (45) Days or such other time as the Parties agree to in writing, correct all deficiencies and resubmit the plan, report, or other item, or disapproved portion thereof, for approval, in accordance with the preceding Paragraphs.

       d.    If the resubmission is approved in whole or in part, Defendant shall proceed in accordance with the preceding Paragraph 32 (a), (b), or (c).

       e.    If a resubmitted plan, report, or other item, or portion thereof, is disapproved in whole or in part, EPA may again require Defendant to correct any deficiencies, in accordance with the preceding Paragraph 32 (a), (b), or (c), subject to Defendant's right to invoke Dispute Resolution

and the right of EPA to seek stipulated penalties as provided in the preceding Paragraphs.

    f.    If Defendant elects to invoke Dispute Resolution as set forth in Section IX, Defendant shall do so by sending a Notice of Dispute in accordance with Section IX within thirty (30) Days (or such other time as the Parties agree to in writing) after receipt of the applicable decision.

    g.    Any stipulated penalties applicable to the original submission, as provided in Section VII, that accrue during the forty-five (45) Day period or other specified period provided in subparagraph 32.c above, but shall not be payable unless the resubmission is untimely or is disapproved in whole or in part; provided that, if the original submission was so deficient as to constitute a material breach of Defendant's obligations under this Decree, the stipulated penalties applicable to the original submission shall be due and payable notwithstanding any subsequent resubmission.

33. <u>Permits</u>: Where any compliance obligation under this Section requires Defendant to obtain a federal, state, or local permit or approval, Defendant shall submit timely and complete applications and take all other actions necessary to obtain all such permits or approvals. Defendant may seek relief under the provisions of Section VIII (Force Majeure) for any delay in the performance of any such obligation resulting from a failure to obtain, or a delay in obtaining, any permit or approval required to fulfill such obligation, if Defendant has submitted timely and complete applications and has taken all other actions necessary to obtain all such permits or approvals.

## VI.    <u>REPORTING REQUIREMENTS</u>

14

34.     Defendant shall submit the following reports to EPA, at the addresses set forth

Section XIII (Notices):

a.     Semi-Annual Report: By July 31st and January 31st of each year after the

lodging of this Consent Decree, until termination of this Decree under

Section XVII (Termination), Defendant shall submit electronically a semi-

annual report for the preceding six months that includes: the status of

surface water treatment measures; the status of Defendant's monitoring

work; the provision of alternative water to customers; operation and

maintenance; and problems encountered or anticipated. The report shall

also include a description of any non-compliance with the requirements of

this Consent Decree and an explanation of the violation(s)' likely cause

and of the remedial steps taken, or to be taken, to prevent or minimize

such violation(s)

35.     If Defendant violates, or has reason to believe that it may violate, any requirement

of this Consent Decree, Defendant shall notify DOJ and EPA of such violation and its likely

duration, in writing, within ten business days of the Day Defendant first becomes aware of the

actual or prospective violation, with an explanation of its likely cause and of the remedial steps

taken, or to be taken, to prevent or minimize such violation. If the cause of a violation cannot be

fully explained at the time the report is due, Defendant shall so state in the report. Defendant

shall investigate the cause of the violation and shall then submit an amendment to the report,

including a full explanation of the cause of the violation, within thirty (30) Days of the Day

Defendant becomes aware of the cause of the violation. Nothing in this Paragraph or the

following Paragraph relieves Defendant of its obligation to provide the notice required by

1  Section VIII (Force Majeure).

2      36.    Whenever any violation of this Consent Decree or any other event affecting

3  Defendant's performance under this Decree may pose an immediate threat to the public health or

4  welfare or the environment, Defendant shall notify EPA by telephone or by email to EPA as

5

6  soon as possible, but no later than 24-hours after Defendant first knew of the violation or event.

7  This procedure is in addition to the requirements set forth in the preceding Paragraph.

8      37.    Each report submitted by Defendant under this Section shall be signed by an

9  official of the submitting party and include the following certification:

10

11      I certify under penalty of perjury that this document and all attachments were prepared
        under my direction or supervision in accordance with a system designed to assure that
12      qualified personnel properly gather and evaluate the information submitted. Based on my
        inquiry of the person or persons who manage the system, or those persons directly
13      responsible for gathering the information, the information submitted is, to the best of my
        knowledge and belief, true, accurate, and complete. I have no personal knowledge that
14      the information submitted is other than true, accurate, and complete. I am aware that
        there are significant penalties for submitting false information, including the possibility
15      of fine and imprisonment for knowing violations.

16  This certification requirement does not apply to emergency or similar notifications where

17

18  compliance would be impractical.

19      38.    The reporting requirements of this Consent Decree do not relieve Defendant of

20  any reporting obligations required by the SDWA or implementing regulations, or by any other

21  federal, state, or local law, regulation, permit, or other requirement.

22

23      39.    Any information provided pursuant to this Consent Decree may be used by the

24  United States in any proceeding to enforce the provisions of this Consent Decree and as

25  otherwise permitted by law.

26              **VII.    STIPULATED PENALTIES**

27      40.    Defendant shall be liable for stipulated penalties to the United States for

28

16

violations of this Consent Decree as specified below, unless excused under Section VIII (Force Majeure). A violation includes failing to perform any obligation required by the terms of this Decree, including any work plan or schedule approved under this Decree, according to all applicable requirements of this Decree and within the specified time schedules established by or approved under this Decree.

41.     Late Payment of Civil Penalty: If Defendant fails to pay the civil penalty required to be paid under Section IV (Civil Penalty) when due, Defendant shall pay a stipulated penalty of $250 for 1st through 7th day; $500 for 8th through 14 day; and $800 for each day thereafter per Day for each Day that the payment is late.

42.     Stipulated Penalty Amounts: The following stipulated penalties shall accrue per violation per Day for each violation of a requirement of Section V (Injunctive Relief) or Section VI (Reporting Requirements):

| Penalty Per Violation Per Day | Period of Noncompliance |
| --- | --- |
| $300 | 1st through 14th Day |
| $550 | 15th through 30th Day |
| $850 | 31st Day and beyond |

43.     Stipulated penalties under this Section shall begin to accrue on the Day after performance is due or on the Day a violation occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily completed or until the violation ceases. Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

44.     Defendant shall pay any stipulated penalty within thirty (30) Days of receiving the United States' written demand.

45.     The United States may in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

17

46.     Stipulated penalties shall continue to accrue as provided in Paragraph 43, during any Dispute Resolution, but need not be paid until the following:

a.      If the dispute is resolved by agreement of the Parties or by a decision of EPA that is not appealed to the Court, Defendant shall pay accrued penalties determined to be owing, together with interest, to the United States within thirty (30) Days of the effective date of the agreement or the receipt of EPA's decision or order.

b.      If the dispute is appealed to the Court and the United States prevails in whole or in part, Defendant shall pay all accrued penalties determined by the Court to be owing, together with interest, within sixty (60) Days of receiving the Court's decision or order, except as provided in subparagraph c, below.

c.      If any Party appeals the District Court's decision, Defendant shall pay all accrued penalties determined to be owing, together with interest, within fifteen (15) Days of receiving the final appellate court decision.

47.     Defendant shall pay stipulated penalties owing to the United States in the manner set forth below:

a.      Defendant shall pay the stipulated penalty due to the United States by certified or cashier's check in the amount due, payable to the "U.S. Department of Justice," referencing the civil action number of this case, and the DOJ Case No. 90-5-1-1-12322, and delivered to the Financial Litigation Unit of the Office of the United States Attorney for the Eastern District of California: Attn. Financial Litigation Unit, 501 I Street, Suite

10-100, Sacramento, CA 95814. The payments shall be made in accordance with instructions provided to Defendant by the Financial Litigation Unit of the Office of the United States Attorneys for the Eastern District of California. Concurrently with payment, Defendant shall provide a copy of the check and a transmittal letter to those persons identified in Section XIII (Notices). That transmittal letter shall state that the payment is for stipulated penalties owed pursuant to the Consent Decree in *United States v. Grindstone Indian Rancheria of Wintun-Wailaki Indians of California*, and shall reference the civil action number, and the DOJ Case No. 90-5-1-1-12322.

48.     If Defendant fails to pay stipulated penalties according to the terms of this Consent Decree, Defendant shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due. Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.

49.     The payment of penalties and interest, if any, shall not alter in any way Defendant's obligation to complete the performance of the requirements of this Consent Decree.

50.     Non-Exclusivity of Remedy: Stipulated penalties are not the United States' exclusive remedy for violations of this Consent Decree. Subject to the provisions of Section XI (Effect of Settlement/Reservation of Rights), the United States expressly reserves the right to seek any other relief it deems appropriate for Defendant's violation of this Decree or applicable law, including but not limited to an action against Defendant for statutory penalties, additional injunctive relief, mitigation or offset measures, and/or contempt. However, the amount of any

19

statutory penalty assessed for a violation of this Consent Decree shall be reduced by an amount equal to the amount of any stipulated penalty assessed and paid pursuant to this Consent Decree.

## VIII.   FORCE MAJEURE

51.   "Force Majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Defendant, of any entity controlled by Defendant, or of Defendant's contractors, that delays or prevents the performance of any obligation under this Consent Decree despite Defendant's best efforts to fulfill the obligation. The requirement that Defendant exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential Force Majeure event and best efforts to address the effects of any potential force majeure event (a) as it is occurring and (b) following the potential Force Majeure, such that the delay and any adverse effects of the delay are minimized. "Force Majeure" does not include Defendant's financial inability to perform any obligation under this Consent Decree.

52.   If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a Force Majeure event, Defendant shall provide notice by telephone or by email to EPA within 72-hours of when Defendant first knew that the event might cause a delay. Within seven (7) Days thereafter, Defendant shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; Defendant's rationale for attributing such delay to a Force Majeure event if it intends to assert such a claim; and a statement as to whether, in the opinion of Defendant, such event may cause or contribute to an endangerment to public health, welfare or the environment. Defendant shall include with any notice all available documentation

20

supporting the claim that the delay was attributable to a Force Majeure. Failure to comply with the above requirements shall preclude Defendant from asserting any claim of Force Majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure. Defendant shall be deemed to know of any circumstance of which Defendant, any entity controlled by Defendant, or Defendant's contractors knew or should have known.

53.   If EPA agrees that the delay or anticipated delay is attributable to a Force Majeure event, the time for performance of the obligations under this Consent Decree that are affected by the Force Majeure event will be extended by EPA for such time as is necessary to complete those obligations. An extension of the time for performance of the obligations affected by the Force Majeure event shall not, of itself, extend the time for performance of any other obligation. EPA will notify Defendant in writing of the length of the extension, if any, for performance of the obligations affected by the Force Majeure event.

54.   If EPA does not agree that the delay or anticipated delay has been or will be caused by a Force Majeure event, EPA will notify Defendant in writing of its decision.

55.   If Defendant elects to invoke the dispute resolution procedures set forth in Section IX (Dispute Resolution), it shall do so no later than fifteen (15) Days after receipt of EPA's notice. In any such proceeding, Defendant shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a Force Majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Defendant complied with the requirements of Paragraphs 51 and 52. If Defendant carries this burden, the delay at issue shall be deemed not to be a violation by Defendant of the affected obligation of this Consent Decree identified to EPA and the Court.

21

## IX.   DISPUTE RESOLUTION

56.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree. Defendant's failure to seek resolution of a dispute under this Section shall preclude Defendant from raising any such issue as a defense to an action by the United States to enforce any obligation of Defendant arising under this Decree.

57.     Informal Dispute Resolution. Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations. The dispute shall be considered to have arisen when Defendant sends DOJ and EPA a written Notice of Dispute. Such Notice of Dispute shall state clearly the matter in dispute. The period of informal negotiations shall not exceed twenty (20) Days from the date the dispute arises unless that period is modified by written agreement. If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within ten (10) Days after the conclusion of the informal negotiation period, Defendant invokes formal dispute resolution procedures as set forth below.

58.     Formal Dispute Resolution: Defendant shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by sending DOJ and EPA a written Statement of Position regarding the matter in dispute. The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Defendant's position and any supporting documentation relied upon by Defendant.

59.     The United States will send Defendant its Statement of Position within forty-five (45) Days of receipt of Defendant's Statement of Position. The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion

22

supporting that position and any supporting documentation relied upon by the United States. The United States' Statement of Position is binding on Defendant unless Defendant files a motion for judicial review of the dispute in accordance with the following Paragraph.

60.     Judicial Dispute Resolution: Defendant may seek judicial review of the dispute by filing with the Court and serving on the United States a motion requesting judicial resolution of the dispute. The motion must be filed within ten (10) Days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph. The motion shall contain a written statement of Defendant's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree. The motion may not raise any issue not raised in informal dispute resolution pursuant to Paragraph 57, unless the United States raises a new issue or law or fact in its Statement of Position.

61.     The United States shall respond to Defendant's motion within the time period allowed by the Local Rules of this Court. Defendant may file a reply memorandum, to the extent permitted by the Local Rules.

62.     Standard of Review

a.      Disputes Concerning Matters Accorded Record Review: Except as otherwise provided in this Consent Decree, in any dispute brought under Paragraph 58 pertaining to the adequacy or appropriateness of plans, procedures to implement plans, schedules or any other items requiring approval by EPA under this Consent Decree; the adequacy of the performance of work undertaken pursuant to this Consent Decree; and all

23

other disputes that are accorded review on the administrative record under

applicable principles of administrative law, Defendant shall have the

burden of demonstrating, based on the administrative record, that the

position of the United States is arbitrary and capricious or otherwise not in

accordance with law.

    b.   Other Disputes: Except as otherwise provided in this Consent Decree, in

any other dispute brought under Paragraph 58, Defendant shall bear the

burden of demonstrating that its position complies with this Consent

Decree and better furthers the objectives of the Consent Decree.

63.    The invocation of dispute resolution procedures under this Section shall not, by

itself, extend, postpone, or affect in any way any obligation of Defendant under this Consent

Decree, unless and until final resolution of the dispute so provides. Stipulated penalties with

respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but

payment shall be stayed pending resolution of the dispute as provided in Paragraph 46. If

Defendant does not prevail on the disputed issue, stipulated penalties shall be assessed and paid

as provided in Section VII (Stipulated Penalties).

## X.    INFORMATION COLLECTION AND RETENTION

64.    The United States and its representatives, including attorneys, contractors, and

consultants, shall have the right of entry to the System or any facility covered by this Consent

Decree, at all reasonable times, upon presentation of credentials, to:

    a.   monitor the progress of activities required under this Consent Decree;

    b.   verify any data or information submitted to the United States in

accordance with the terms of this Consent Decree;

24

c.    obtain samples and, upon request, splits of any samples taken by
Defendant or its representatives, contractors, or consultants;

d.    obtain documentary evidence, including photographs and similar data; and

e.    assess Defendant's compliance with this Consent Decree.

65.    Until five years after the termination of this Consent Decree, Defendant shall retain, and shall instruct its contractors and agents to preserve, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in its or its contractors' or agents' possession or control, or that come into its or its contractors' or agents' possession or control, and that relate in any manner to Defendant's performance of its obligations under this Consent Decree. This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures. At any time during this information-retention period, upon request by the United States, Defendant shall provide copies of any documents, records, or other information required to be maintained under this Paragraph.

66.    At the conclusion of the information-retention period provided in the preceding Paragraph, Defendant shall notify the United States at least ninety (90) Days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph and, upon request by the United States, Defendant shall deliver any such documents, records, or other information to EPA. Defendant may assert that certain documents, records, or other information is privileged under the attorney-client privilege, or any other privilege recognized by federal law. If Defendant asserts such a privilege, it shall provide the following: (a) the title of the document, record, or information; (b) the date of the document, record, or information; (c) the name and title of each author of the document, record, or

25

information; (d) the name and title of each addressee and recipient; (e) a description of the subject of the document, record, or information; and (f) the privilege asserted by Defendant. However, no documents, records, or other information created or generated pursuant to the requirements of this Consent Decree shall be withheld on grounds of privilege.

67.     Defendant may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2. As to any information that Defendant seeks to protect as CBI, Defendant shall follow the procedures set forth in 40 C.F.R. Part 2.

68.     This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws, regulations, or permits, nor does it limit or affect any duty or obligation of Defendant to maintain documents, records, or other information imposed by applicable federal or tribal laws, regulations, or permits.

## XI.   EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

69.     This Consent Decree resolves the civil claims of the United States for the violations alleged in the Complaint filed in this action through the date of lodging.

70.     The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree. This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the SDWA or its implementing regulations, or under other federal laws, regulations, or permit conditions, except as expressly specified in Paragraph 68. The United States further reserves all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at, or posed by, Defendant's System, whether related to the violations

1   addressed in this Consent Decree or otherwise.

2       71.    In any subsequent administrative or judicial proceeding initiated by the United

3   States for injunctive relief, civil penalties, other appropriate relief relating to the System or

4   Defendant's violations, Defendant shall not assert, and may not maintain, any defense or claim

5

6   based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim

7   preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by

8   the United States in the subsequent proceeding were or should have been brought in the instant

9

10  case, except with respect to claims that have been specifically resolved pursuant to Paragraph 69.

11      72.    This Consent Decree is not a permit, or a modification of any permit, under any

12  federal, tribal, state, or local laws or regulations. Defendant is responsible for achieving and

13  maintaining complete compliance with all applicable federal, tribal, state, and local laws,

14  regulations, and permits; and Defendant's compliance with this Consent Decree shall be no

15

16  defense to any action commenced pursuant to any such laws, regulations, or permits, except as

17  set forth herein. The United States does not, by its consent to the entry of this Consent Decree,

18  warrant or aver in any manner that Defendant's compliance with any aspect of this Consent

19  Decree will result in compliance with provisions of the SDWA, 42 U.S.C. § 300f, *et seq.*, or with

20  any other provisions of federal, tribal, state, or local laws, regulations, or permits.

21

22      73.    This Consent Decree does not limit or affect the rights of Defendant or of the

23  United States against any third parties, not party to this Consent Decree, nor does it limit the

24  rights of third parties, not party to this Consent Decree, against Defendant, except as otherwise

25  provided by law.

26      74.    This Consent Decree shall not be construed to create rights in, or grant any cause

27  of action to, any third party not party to this Consent Decree.

28

## XII.   COSTS

75.     The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendant.

## XIII.   NOTICES

76.     Unless otherwise specified in this Decree, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and sent by mail or email, with a preference for email), addressed as follows:

| | |
|---|---|
| As to DOJ by email (preferred): | eescdcopy.enrd@usdoj.gov<br>Re: DJ # 90-5-1-1-12322 |
| As to DOJ by mail: | EES Case Management Unit<br>Environment and Natural Resources Division<br>U.S. Department of Justice<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Re: DJ # 90-5-1-1-12322 |
| As to EPA: | Christopher Chen<br>Drinking Water Section, EPA Region 9<br>Enforcement and Compliance Assurance Division<br>600 Wilshire Blvd, Suite 940 (ENF-3-3)<br>Los Angeles, CA 90017<br>Phone: (213) 244-1853<br>chen.christopher@epa.gov |
| | Rich Campbell<br>Assistant Regional Counsel<br>Office of Regional Counsel<br>U.S. EPA Region 9 |

28

75 Hawthorne Street (ORC-2)
San Francisco, CA 94105
(415) 972-3870
campbell.rich@epa.gov

As to Defendant:

Jack Duran
Duran Law Office, P.C.
4010 Foothills Blvd, S-103, #98
Roseville, CA 95747
(916) 779-3316
duranlaw@yahoo.com

77.    Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

78.    Notices submitted under this Section shall be deemed submitted upon mailing or transmission by email, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## XIV.   EFFECTIVE DATE

79.    The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## XV.   RETENTION OF JURISDICTION

80.    The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree or entering orders modifying this Decree, under Sections IX (Dispute Resolution) and XVI (Modification), or effectuating or enforcing compliance with the terms of this Decree.

## XVI.   MODIFICATION

81.    The terms of this Consent Decree, including any attached appendices, may be

29

modified only by a subsequent written agreement signed by all the Parties. Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

82.     Any disputes concerning modification of this Decree shall be resolved under Section IX (Dispute Resolution), provided, however, that, instead of the burden of proof provided by Paragraph 62, the Party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

## XVII. TERMINATION

83.     After Defendant has completed the requirements of Section IV (Civil Penalty) and Section V (Injunctive Relief), has thereafter maintained continuous satisfactory compliance with this Consent Decree for a period of 60 months, and has paid any accrued stipulated penalties as required by this Consent Decree, Defendant may serve upon the United States a Request for Termination, stating that Defendant has satisfied those requirements, together with all necessary supporting documentation.

84.     Following receipt by the United States of Defendant's Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether Defendant has satisfactorily complied with the requirements for termination of this Consent Decree. If the United States agrees that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Decree.

85.     If the United States does not agree that the Decree may be terminated, Defendant may invoke Dispute Resolution under Section IX. However, Defendant shall not seek Dispute

Resolution of any dispute regarding termination until ten (10) Days after service of its Request for Termination.

## XVIII.   PUBLIC PARTICIPATION

86.     This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) Days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate. Defendant consents to entry of this Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Defendant in writing that it no longer supports entry of the Decree.

## XIX.   SIGNATORIES/SERVICE

87     Each undersigned representative of Defendant and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

88.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis. Defendant agrees to accept service of process by electronic mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons. Defendant need not file an answer to the Complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

31

## XX.   INTEGRATION

89.    This Consent Decree, including deliverables that are subsequently approved under this Decree, constitutes the entire agreement among the Parties regarding the subject matter of the Decree and supersedes all prior representations, agreements, and understandings, whether oral or written, concerning the subject matter of the subject matter of the Decree herein.

## XXI.   FINAL JUDGMENT

90.    Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Federal Rules of Civil Procedure 54 and 58.

## XXII.  HEADINGS

91.    Headings to the Sections and sub-Sections of this Consent Decree are provided for convenience and do not affect the meaning or interpretation of the provisions of this Consent Decree.


Dated and entered this 18th day of November , ~~2023~~ 2024


SENIOR UNITED STATES DISTRICT JUDGE

32

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOR THE UNITED STATES OF AMERICA:


TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice




ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice




4/3/24
Date

ELISE FELDMAN
Senior Counsel
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
450 Golden Gate Ave., Suite 07-6714
San Francisco, California 94102
Telephone: (415) 744-6470
Email: Elise.Feldman@usdoj.gov

33

FOR THE U.S. ENVIRONMENTAL PROTECTION
AGENCY, OFFICE OF ENFORCEMENT AND
COMPLIANCE ASSURANCE:


**JOSEPH**
**THEIS**    Digitally signed by
             JOSEPH THEIS
             Date: 2024.03.01
             16:57:50 -05'00'

JOSEPH G. THEIS
Acting Director
Water Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency


OF COUNSEL:

**NATALIA**
**CABRERA**    Digitally signed by
               NATALIA CABRERA
               Date: 2024.02.22
               09:00:29 -05'00'

NATALIA CABRERA
Attorney Advisor
Municipal Enforcement Branch
Water Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., NW
Washington, DC 20460
Telephone: 202-564-1801
Email: Cabrera.Natalia@epa.gov

FOR THE U.S. ENVIRONMENTAL PROTECTION
AGENCY, REGION 9:


Quast, Sylvia    Digitally signed by Quast, Sylvia
                 Date: 2024.02.16 08:28:30 -08'00'

SYLVIA QUAST
Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 9



OF COUNSEL:


RICH CAMPBELL
Attorney-Advisor
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 9

35

1  FOR [DEFENDANT]:

2

3  _11/27/23_
   Date

   _Ronald H. Kirk_
   RONALD H. KIRK
   Grindstone Rancheria
   Chairman

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28